**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| PATRICK AND LORRAINE HOLMES, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | **COMPLAINT AND DEMAND FOR** |
| LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

PATRICK AND LORRAINE HOLMES ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter the "TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Michigan; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Gaylord, Michigan.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 140 Corporate Boulevard in Norfolk, Virginia, 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

10. Defendant repeatedly contacted Plaintiff while attempting to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiffs; based upon information and belief the alleged debt derives from a Sears credit card account from some time in the late 1980's.

13. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

14. Beginning in or around January 2011 and continuing through August 2011, Defendant placed repeated telephone calls to Plaintiffs on their home telephone, Mr. Holmes'

work telephone number, and Mrs. Holmes' cellular telephone number.

15. Mr. Holmes repeatedly told Defendant's representatives to stop calling him at work, as the calls were not only inconvenient for him, but caused him great embarrassment and decreased his work productivity.

16. Furthermore, Mr. Holmes informed Defendant that he was not going to pay the alleged debt, as the alleged debt was in excess of twenty years old.

17. Despite Mr. Holmes' indication that telephone calls to his work telephone number were inconvenient and unwanted, Defendant's representatives continued to harass Mr. Holmes at work

18. The telephone calls to the Plaintiffs' home telephone were also frequent and harassing; Plaintiffs received in excess of twenty (20) calls per month.

19. Finally, Mrs. Holmes never consented to the frequent and harassing automated telephone calls Defendant placed to her cellular telephone number, and Defendant's telephone calls to Mrs. Holmes' cellular telephone number were not for emergency purposes.

20. Defendant's actions as described herein were made with the intent to harass, abuse, annoy, deceive, upset and coerce payment from Plaintiffs.

## CONSTRUCTION OF APPLICABLE LAW

## THE FAIR DEBT COLLECTION PRACTICES ACT

21. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines

abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

22. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

23. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692b.

24. Congress enacted the FDCPA to regulate the collection of consumer debts by

debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

25. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

26. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

27. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and

experienced does not change its character, nor take away its power to deceive others less experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

## **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

28. In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

29. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

30. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

31. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32.  In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated of the FDCPA generally;

    b.  Defendant violated §1692c(a)(1) of the FDCPA by contacting Mr. Holmes at his place of employment, despite repeated demands that such calls cease;

    c.  Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    d.  Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly or continuously;

    e.  Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    f.  Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

33.  Plaintiffs hereby incorporate all facts and allegations specified in all preceding paragraphs, by reference as if fully set forth at length.

34. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., prohibits the use of an automated or pre-recorded voice to a consumer on any number assigned to a cellular phone. See 47 U.S.C. § 227(b)(1)(A)(iii).

35. A person may bring a private cause of action "based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." See 47 U.S.C. § 227(b)(3)(A).

36. Also, a person is entitled to bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." See 47 U.S.C. § 227(b)(3)(B).

37. The Court, in its discretion, is authorized to award up to three (3) times the actual damages sustained by a person for violations of the TCPA. See 47 U.S.C. § 227(c)(5).

28. Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff Lorraine Holmes' cellular telephone, leaving several messages using a pre-recorded or artificial voice.

39. Defendant conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiff Lorraine Holmes' cellular telephone number.

WHEREFORE, Plaintiffs, PATRICK AND LORRAINE HOLMES, respectfully pray for a judgment as follows:

    a. a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    e.    Statutory damages of $500 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B); and

    f.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, PATRICK AND LORRAINE HOLMES, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09/20/2011    KIMMEL & SILVERMAN, P.C.

By: /s/ Christina Gill Roseman
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: croseman@lemonlaw.com